UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| CHARLES CLARK, et al., | : | |
| | : | NO. 1:05-CV-00725 |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | **OPINION AND ORDER** |
| W & M KRAFT, INC., et al., | : | |
| | : | |
| Defendants. | : | |

This matter is before the Court on Nationwide Agribusiness Insurance Company's Motion for Leave to File Complaint in Intervention (doc. 129).  No opposition has been filed.

Nationwide Agribusiness Insurance Company ("Nationwide") moves the Court to intervene in this case pursuant to Fed. R. Civ. P. 24(c) (doc. 129).  Nationwide indicates it has a lien on any monetary damages awarded to Plaintiffs in this case, as it has paid workers' compensation indemnity benefits and paid for medical treatment under the Longshore and Harbor Worker's Compensation Act ("LHWCA"), 33 U.S.C. § 901, <u>et seq</u>. (<u>Id</u>.).  Relying on <u>Bloomer v. Liberty Mutual Insurance Co.</u>, 445 U.S. 74 (1980), and <u>Edmonds v. Compagnie Generale Transatlantique</u>, 443 U.S. 256, 269-271 (1979), Nationwide Agribusiness states the right to recover LHWCA payments is recognized by the U.S. Supreme Court (<u>Id</u>.).  Nationwide further indicates that its intervention in this case would not affect any of the deadlines currently set by the Court (<u>Id</u>.).

Having reviewed this matter, and noting no opposition to

Nationwide's request, the Court finds the motion well taken.  Under the Federal Rules of Civil Procedure, an outsider to a lawsuit may intervene as of right when the outsider "claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may . . . impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."  Fed. R. Civ. P. 24(a).  Nationwide has satisfied the Court that it claims an interest relating to any potential award that Plaintiffs might obtain in this matter, and the Court accepts Nationwide's representation that its intervention will in no way affect the trial schedule in this matter.  The schedule remains firm.  The trial will proceed on June 5, 2007.

Accordingly, the Court GRANTS Nationwide Agribusiness Insurance Company's Motion for Leave to File Complaint in Intervention (doc. 129) and ORDERS Movant to file its Intervening Complaint, identical to that attached to its Motion, on the CM/ECF system within thirty days from the date of this Order.

SO ORDERED.


Dated: April 26, 2007          s/S. Arthur Spiegel
                               S. Arthur Spiegel
                               United States Senior District Judge