```
                UNITED STATES DISTRICT COURT
                 SOUTHERN DISTRICT OF OHIO
                     WESTERN DIVISION
```

CHARLES CLARK, et al.,          :
                                :     NO. 1:05-CV-00725
        Plaintiffs,              :
                                :
    v.                           :
                                :     **OPINION AND ORDER**
W & M KRAFT, Inc., et al.,       :
                                :
        Defendants.              :

This matter is before the Court on Defendant Consolidated Grain and Barge Company's Motion for Summary Judgment (doc. 322), Defendant W&M Kraft, Inc.'s Cross Motion for Summary Judgment and Response in Opposition (docs. 323, 324), and Consolidated Grain and Barge Company's Reply (docs. 325, 326). For the reasons indicated herein, the Court GRANTS Consolidated Grain and Barge Company's motion, and DISMISSES Kraft's cross-claim for indemnification.

**I. Background**

Defendants won a jury verdict in 2007 in the underlying personal injury case brought by Plaintiff Charles Clark, an employee of Defendant Consolidated Grain and Barge Company ("Consolidated"). Defendant W&M Kraft, Inc. ("Kraft"), who held a Consulting Agreement[1] with Consolidated brought a cross-claim for

---

[1] Per the Agreement Kraft provided Consolidated with services to assist Consolidated's management personnel implement a corporate safety culture to improve overall safety of the company. Kraft had no interaction with Plaintiff and made no assessment of the site where Plaintiff fell and was injured.

contractual indemnity against Consolidated, seeking attorneys' fees and costs incurred in defending against Plaintiffs' claims. Both Defendants now claim that pursuant to the indemnity clause in their contract each should prevail, while Defendant Consolidated goes further and contends Kraft should be judicially estopped from invoking the clause because Kraft successfully argued at trial that its performance of the agreement had absolutely nothing to do with Plaintiff's injuries. The parties have fully briefed their positions and this matter is ripe for the Court's review.

**II. Applicable Legal Standard**

Although a grant of summary judgment is not a substitute for trial, it is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56; see also, e.g., Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464 (1962); LaPointe v. United Autoworkers Local 600, 8 F.3d 376, 378 (6th Cir. 1993); Osborn v. Ashland County Bd. of Alcohol, Drug Addiction and Mental Health Servs., 979 F.2d 1131, 1133 (6th Cir. 1992) (per curiam). In reviewing the instant motion, "this Court must determine whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Patton v. Bearden, 8

F.3d 343, 346 (6th Cir. 1993), quoting in part Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-252 (1986) (internal quotation marks omitted).

The process of moving for and evaluating a motion for summary judgment and the respective burdens it imposes upon the movant and the non-movant are well settled.  First, "a party seeking summary judgment ... bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact [.]" Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); see also LaPointe, 8 F.3d at 378; Guarino v. Brookfield Township Trustees, 980 F.2d 399, 405 (6th Cir. 1992); Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989).  The movant may do so by merely identifying that the non-moving party lacks evidence to support an essential element of its case.  See Barnhart v. Pickrel, Schaeffer & Ebeling Co., L.P.A., 12 F.3d 1382, 1389 (6th Cir. 1993).

Faced with such a motion, the non-movant, after completion of sufficient discovery, must submit evidence in support of any material element of a claim or defense at issue in the motion on which it would bear the burden of proof at trial, even if the moving party has not submitted evidence to negate the existence of that material fact.  See Celotex, 477 U.S. at 317; Anderson v.

3

Liberty Lobby, Inc., 477 U.S. 242 (1986). As the "requirement [of the Rule] is that there be no genuine issue of material fact," an "alleged factual dispute between the parties" as to some ancillary matter "will not defeat an otherwise properly supported motion for summary judgment." Anderson, 477 U.S. at 247-248 (emphasis added); see generally Booker v. Brown & Williamson Tobacco Co., Inc., 879 F.2d 1304, 1310 (6th Cir. 1989). Furthermore, "[t]he mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." Anderson, 477 U.S. at 252; see also Gregory v. Hunt, 24 F.3d 781, 784 (6th Cir. 1994). Accordingly, the non-movant must present "significant probative evidence" demonstrating that "there is [more than] some metaphysical doubt as to the material facts" to survive summary judgment and proceed to trial on the merits. Moore v. Philip Morris Cos., Inc., 8 F.3d 335, 339-340 (6th Cir. 1993); see also Celotex, 477 U.S. at 324; Guarino, 980 F.2d at 405.

Although the non-movant need not cite specific page numbers of the record in support of its claims or defenses, "the designated portions of the record must be presented with enough specificity that the district court can readily identify the facts upon which the non-moving party relies." Guarino, 980 F.2d at 405, quoting Inter-Royal Corp. v. Sponseller, 889 F.2d 108, 111 (6th Cir. 1989) (internal quotation marks omitted). In contrast, mere

4

conclusory allegations are patently insufficient to defeat a motion for summary judgment. See McDonald v. Union Camp Corp., 898 F.2d 1155, 1162 (6th Cir. 1990). The Court must view all submitted evidence, facts, and reasonable inferences in a light most favorable to the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970); United States v. Diebold, Inc., 369 U.S. 654 (1962). Furthermore, the district court may not weigh evidence or assess the credibility of witnesses in deciding the motion. See Adams v. Metiva, 31 F.3d 375, 378 (6th Cir. 1994).

Ultimately, the movant bears the burden of demonstrating that no material facts are in dispute. See Matsushita, 475 U.S. at 587. The fact that the non-moving party fails to respond to the motion does not lessen the burden on either the moving party or the Court to demonstrate that summary judgment is appropriate. See Guarino, 980 F.2d at 410; Carver v. Bunch, 946 F.2d 451, 454-455 (6th Cir. 1991).

**III. Discussion**

When a contract is clear and unambiguous, then its interpretation is a matter of law, and there is no issue of fact to be determined. Inland Refuse Transfer Co. v. Browning-Ferris Indus. of Ohio, Inc., 15 Ohio St. 3d 321, 322, 474 N.E. 2d 271, 272 (Ohio, 1984). The parties here both request the Court give the contract its plain meaning and neither raise questions of ambiguity

in the contract. The Court finds the contract clear and concludes this matter is appropriate for resolution by summary judgment. The Court therefore can rule on the parties' cross motions.

As an initial matter, the Court considers Consolidated's argument invoking judicial estoppel. The doctrine enables the courts to protect "the integrity of the judicial process," by preventing the "incongruity of allowing a party to assert a position in one tribunal and the opposite in another tribunal." Edwards v. Aetna Life Insurance Co., 690 F.2d 595, 598-99 (6th Cir. 1982). In assessing whether such doctrine applies, the Court considers whether 1) a party's later position is clearly inconsistent with its earlier position, 2) the party has succeeded in persuading the court to accept that party's earlier position, and 3) the party advancing an inconsistent position would gain an unfair advantage if allowed to proceed with the argument. United States v. Hammon, 277 Fed.Appx. 560, 566 (6th Cir. 2008)(citing In re Commonwealth Institutional Sec., 394 F.3d 401, 406 (6th Cir. 2005). Judicial estoppel must be "applied with caution to avoid impinging on the truth-seeking function of the court because the doctrine precludes a contradictory position without examining the truth of either statement." Teledyne Indus., Inc. v. NLRB, 911 F.2d 1214, 1218 (6th Cir. 1990).

Consolidated argues Kraft should be judicially estopped from invoking the indemnity clause because Kraft successfully

6

argued at trial that the contract had nothing to do with Plaintiff's injuries (doc. 322). Specifically, Consolidated notes that in its cross-claim Kraft plead that the Consulting Agreement "sets forth a limited scope of work to be performed by W&M Kraft that does not encompass work that would form the basis for claims asserted by the parties to this action against W&M Kraft," and that the jury ultimately found the services contemplated in the Agreement did not apply to the facts surrounding Plaintiffs' claims (Id.). In Consolidated's view, after prevailing at trial, Kraft did an about-face and began arguing the Consulting Agreement did apply, and now seeks its attorney's fees and costs as a consequence of the lawsuit (Id.).

Kraft responds that judicial estoppel simply is inapplicable here (doc. 323). Kraft contends it has maintained an action for indemnification from the outset of this matter, arguing in its motion for judgment as a matter of law that even if it owed a duty to Plaintiffs "there is no causal link between Kraft's work and Mr. Clark's fall" (doc. 228). In Kraft's view there is nothing contradictory about arguing that its consulting activities did not cause Plaintiffs' injuries while arguing that but for the Consulting Agreement it never would have been named as a Defendant (doc. 323). As such, Kraft argues its request for indemnification is not so clearly inconsistent with its prior arguments as to provide a basis for judicial estoppel (Id.).

7

The Court agrees with Kraft and finds Consolidated overreaches with its effort to invoke judicial estoppel. Kraft has maintained an indemnity claim from the outset and there is no blatant inconsistency. The Court does not see Kraft as engaging in cynical gamesmanship or attempting to abuse the judicial process. <u>Teledyne</u>, 911 F.2d 1214 at 1218. Kraft is merely seeking its attorney fees and costs through the indemnity provision of the very contract that was the basis for Plaintiffs to sue it in the first place. It is entitled to make such an effort and the Court will not bar its attempt.

The dispositive question is whether the actual terms of the indemnity provision provide for the relief Kraft seeks. The indemnity provision is found in paragraph 4 of the Consulting Agreement:

> 4. Indemnity. Each party will indemnify, defend, and hold the other harmless from and against all claims, liabilities, damages, losses, or expenses (including settlements, judgments, court costs, attorneys' fees, and other litigation expenses), fines, or penalties to the extent arising out of the negligence, wilful misconduct, breach of contract, or violation of law by the party at fault, its employees, agents, subcontractors, or assignees in the performance of this Agreement. Further in event that the parties are jointly at fault, they agree to indemnify each other in proportion to their relative fault. In no event shall the liability of either party under this Agreement include indirect, incidental, or consequential damages.

Consolidated argues that the indemnity provision provided that the parties agreed to indemnify one another in the event that either

breached the contract or were negligent "in the performance of [the] agreement" (doc. 322). Consolidated contends that because it did not breach or commit negligence in performance of its agreement, it cannot be held liable to Kraft for Kraft's expenses in defending against Plaintiffs, which are outside the scope of the performance of the agreement. In Consolidated's view, there is no dispute that it performed its part of the bargain: it paid consideration to Kraft for Kraft's consulting services, and it committed no breach in doing so, nor was it negligent with regard to the agreement.

Kraft responds that Consolidated's interpretation of the indemnification agreement is "impossibly narrow," and that if the only way Consolidated could be liable to Kraft would be by not paying required consulting fees, there would be no need for the indemnification provision in the first place (doc. 324). In Kraft's view, Consolidated's interpretation renders the provision a nullity and runs afoul of the basic tenet of contract law that contracts be interpreted to give meaning to each term (Id.). Kraft argues it is a small business and requires a broad indemnification provision to protect against exposure to liability for claims brought against every client for whom it consults (Id.).

Having reviewed this matter, the Court finds Consolidated's position correct as to the interpretation of the indemnification provision. Kraft may indeed require a broad

9

indemnification provision, but the provision in its contract simply does not provide the protection it seeks. The indemnity provision does not include language requiring indemnity against all loss or damage on account of any claim, demand, or suit made or brought against Kraft by or on behalf of any employee or agent of Consolidated. Rather it limits indemnity to those instances where there is a breach or negligence in the performance of the agreement. Consolidated did not breach its contract and provided Kraft with consideration for its services. Consolidated did not commit negligence in performing its part of the bargain. An indemnity agreement cannot be read to impose liability for those losses or liabilities which are neither expressly within its terms, nor of such a character that it can be reasonably inferred the parties intended to include them within the indemnity coverage. Corbitt v. Diamond M. Drilling Co., 654 F.2d 329, 333 (5th Cir. 1981).

The Court need not reach the question of whether Kraft's indemnity claim is contractually time-barred. The Court's conclusion that the claim is not within the scope of the indemnity provision renders such question moot.

**IV. Conclusion**

The Court concludes that although judicial estoppel is not properly invoked in this matter, when it reaches the plain unambiguous language of the indemnity clause at issue in the

parties' contract, Consolidated prevails. The indemnity clause drafted by Kraft on its face refers to breach or negligence occurring in the performance of the agreement. Consolidated performed its part of the agreement. Moreover, the jury found no relation of Plaintiffs' claims to the agreement. Although the Court is sympathetic to Kraft for having been pulled into this litigation, Kraft prevailed against Plaintiffs. Under the American Rule, it must cover its own attorneys' fees and costs without an indemnity agreement providing otherwise. The indemnity agreement in its agreement did not so provide.

Accordingly, the Court GRANTS Defendant Consolidated Grain and Barge Company's Motion for Summary Judgment (doc. 322), and DENIES Defendant W&M Kraft, Inc.'s Cross Motion for Summary Judgment and Response in Opposition (docs. 323, 324), such that it DISMISSES Kraft's cross-claim for indemnification.

SO ORDERED.


Dated: June 25, 2013        s/S. Arthur Spiegel
                            S. Arthur Spiegel
                            United States Senior District Judge